UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE WEISNER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALLISON NOBERT, et al.,<br><br>　　　　　Defendants. | No. 2:21-cv-01957-KJM-CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　On April 28, 2022, the court dismissed plaintiff's complaint for failing to state a claim, but granted him leave amend. ECF No. 9. In this screening order, plaintiff was provided with the appropriate legal standards governing his claims for relief and advised that any claim for monetary damages which implied the invalidity of his conviction would be barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994), unless his conviction had already been invalidated. ECF No. 9 at 3-4. Plaintiff filed a first amended complaint on May 5, 2022.[1] ECF No. 10.

/////

---

[1] The filing date was calculated using the prison mailbox rule. Houston v. Lack, 487 U.S. 266 (1988).

1

**I.    Screening Requirement**

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court will independently dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

**II.    Allegations in the First Amended Complaint**

The amended complaint concerns plaintiff's 2017 prosecution and conviction in the San Joaquin County Superior Court on charges for which he is currently serving a sentence.  Named as defendants are the San Joaquin County Public Defender who represented plaintiff, the Superior Court judge who took plaintiff's guilty plea and sentenced him, and the San Joaquin County District Attorney who prosecuted him.

Plaintiff generally alleges that "defendants have clearly decieved [sic], conspired and operated together despite their ethical duties and state and Federal laws, to deprive or violate the plaintiff's 6th, 8th, and 14 Amend. rights of the U.S. Const. as well as the [C]alifornia Const.[']s right to appeal."  ECF No. 10 at 16.  More specifically, plaintiff contends that his public defender violated his right to discovery, failed to adequately investigate his case, and refused to file a notice of appeal following his sentencing as he requested.  The state prosecutor withheld body camera evidence and submitted false evidence against him in court.  The amended complaint further asserts that the trial court judge altered the terms of plaintiff's plea agreement without giving him the opportunity to withdraw it and the court denied him access to his transcripts for five years.

By way of relief, plaintiff seeks declaratory relief that the state judge and prosecutor violated his constitutional rights and he seeks compensatory and punitive damages from the public defender who represented him.  ECF No. 10 at 19-20.

**III.    Analysis**

While plaintiff has added specific details in this amended complaint, they are entirely

conclusory in nature. In an effort to avoid dismissal of his claims against the state prosecutor and judge who are absolutely immune from civil suits for damages, plaintiff seeks only declaratory relief against them. However, that does not avoid a Heck bar because any declaratory judgment that plaintiff's constitutional rights were violated in the course of his state criminal prosecution would necessarily imply the invalidity of his criminal conviction. See Heck v. Humphrey, 512 U.S. 477, 487 (1994). It appears to the court that plaintiff is seeking to use this § 1983 action as a backdoor collateral attack of his criminal conviction. That is exactly what the Heck bar precludes. Heck, 512 U.S. at 485-486. As a result, the undersigned finds that the claims against the state court judge and prosecutor are barred by Heck.

All of the alleged acts and omissions by the state public defender occurred while she was acting in her capacity of representing plaintiff in state court. Thus, these actions were not made "under color of state law" as required for purposes of § 1983 liability. See Polk County v. Dodson, 454 U.S. 312, 325 (1981); see also Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982) (emphasizing that if the action of the defendant is not state action, the court's inquiry ends). As a result, the public defender is not a proper defendant in this § 1983 action. However, in an effort to avoid this problem that was identified in the court's prior screening order, plaintiff emphasizes that the public defender is liable because she engaged in a conspiracy with other state actors to violate his constitutional rights. See Tower v. Glover, 467 U.S. 914, 923 (1983). Although monetary damages are available against a public defender who engages in a civil conspiracy with state officials to violate plaintiff's federal rights, mere conclusory allegations of a conspiracy are insufficient to state a claim under 42 U.S.C. § 1983. See Tower, 467 U.S. at 923; Simmons v. Sacramento Cty. Superior Ct., 318 F.3d 1156, 1161 (9th Cir. 2003); Price v. Hawaii, 939 F.2d 702, 708 (9th Cir. 1991)(requiring something more than conclusory assertions of a civil conspiracy between a private party and a state actor in order to establish § 1983 liability). Plaintiff's amended complaint does not include any facts suggesting that the public defender agreed with any other defendant to violate plaintiff's civil rights, which is a necessary element of a conspiracy. See Crowe v. Cty. Of San Diego, 608 F.3d 406, 440 (9th Cir. 2010) (stating that a conspiracy requires "the existence of an agreement or meeting of the minds to violate

constitutional rights.") (internal quotations and citation omitted).  The vague and conclusory allegations in the amended complaint are not sufficient to state a valid conspiracy claim against the public defender or any named defendant.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (emphasizing that the court is not required to "accept as true a legal conclusion couched as a factual allegation.") (internal quotation and citation omitted).  For all these reasons, the undersigned recommends dismissing plaintiff's first amended complaint for failing to state a claim.  See 28 U.S.C. § 1915A(b)(1).

### IV. Leave to Amend

Once the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted).  However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend.  Cato, 70 F.3d at 1105-06.  It appears to the court that further amendment of this case would be futile because the deficiencies  have not been cured despite being given prior leave to amend.  Therefore, the undersigned recommends that the amended complaint be dismissed without further leave to amend.  Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

### V. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed your first amended complaint and determined that it does not state any claim for relief against any named defendant.  It is recommended that your complaint be dismissed without further leave to amend.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct outcome in your case. Label your explanation "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned your case will then review the case and make the final decision in this matter.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's first amended complaint be dismissed without further leave to amend; and,

2. The Clerk of Court close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 1, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/weis1957.F&R.docx

5